UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM PHAN NGUYEN,<br><br>                        Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                       Defendant. | Case No.: 20-CV-2391-WVG<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE CONFERENCE** |

On April 21, 2022, this Court convened a Video Order to Show Cause ("OSC") Conference pursuant to its April 12, 2022 Order. (Doc. No. 22.) Alexandra Manbeck appeared for Plaintiff. Sharon Lahey appeared for Defendant. The OSC Conference resulted after Plaintiff filed an Unopposed Motion for Extension of Time to File the Joint Motion and to Comply with the Court's December 22, 2021 Scheduling Order ("Ex Parte Application"). (Doc. No. 16.) Plaintiff filed the Ex Parte Application without providing notice to Chambers in violation of this Court's Civil Chambers Rule VI. (*Id*.) Moreover, the Ex Parte Application revealed both Plaintiff and Defendant unilaterally modified deadlines the Court set in the operative December 22, 2021 Scheduling Order without leave of court. (Doc. No. 13.) The Court held the OSC Conference to provide the Parties the

opportunity to explain why sanctions should not issue for their non-compliance. Having heard from counsel, the Court declines to impose sanctions and ORDERS the Parties to file their Joint Motion for Judicial Review **no later than tomorrow, April 22, 2022**. The Court elaborates below.

Courts "unquestionably" possess the inherent power to assess sanctions for disobedience of a court order. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). This District's Civil Local Rule 83.1 emphasizes the point in providing that non-compliance with court orders, the Local Rules, or the Federal Rules of Civil or Criminal Procedure may be grounds for the Court to impose "any and all sanctions… including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions. Civ. L.R. 83.1(a)-(b). "When choosing among possible sanctions, the court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing." *Robinson v. City of San Diego*, 2013 WL 525679, at *4 (S.D. Cal. Feb. 8, 2013) (citing *Palmer v. Stassinos*, 2007 WL 2288119, 3 (N.D. Cal. Aug.6, 2007).).

As a foundational matter, there is no dispute counsel for the Parties violated the Court's December 22, 2021 Order and that Plaintiff compounded his non-compliance by failing to meet Civil Chambers Rule VI's notice requirement in connection with the Ex Parte Application. During the OSC Conference, both Ms. Manbeck and Ms. Lahey conceded the same. Ms. Manbeck explained she was ignorant of the applicable rules. Ms. Lahey admitted her familiarity with the rules but explained she felt compelled to unilaterally continue Defendant's April 1, 2022 deadline to serve its portions of the Joint Motion for Judicial Review as a result of Plaintiff's unilateral decision to continue his February 18, 2022 deadline to serve his portions of the Joint Motion for Judicial Review.

Both Ms. Manbeck and Ms. Lahey asked for the Court's forgiveness and requested that sanctions not issue.

Counsel's non-compliance abounds and warrants the imposition of sanctions. As discussed during the OSC Conference, counsel's missteps here were not insignificant. At all times, the Court is responsible for managing its case load, which includes, but certainly is not limited to, the instant action. Counsel's substitution of their judgment for the Court's as it concerns the operative Scheduling Order has a cascading effect upon the other matters set before the Court, which are no less important than this action. Equally notable, the deadlines the Court sets are not suggestions; they control how and when litigation is to move forward until it is disposed of. Treating these deadlines as afterthoughts – like counsel did here – not only hampers the instant action's progression but also undermines the Court's authority and responsibility to manage cases effectively and efficiently. The Court rejects any such attempts to usurp its province and undermine litigants' standing before the Court.

In so saying, the Court finds counsel for both Plaintiff and Defendant have come to appreciate the gravity of their misconduct, particularly in light of their discourse with the Court during the OSC Conference. Accordingly, the Court accepts Ms. Manbeck and Ms. Lahey's appeals for mercy and will spare both from sanctions. To that end, the Court ORDERS the Parties to file their Joint Motion for Judicial Review **on or before April 22, 2022** and impresses upon counsel their urgent need to course correct to avoid the imposition of sanctions for any future non-compliance with the applicable rules, including, but certainly not limited to, this Court's Orders and Civil Chambers Rules.

**IT IS SO ORDERED.**

DATED:  April 21, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge